TERRY *v.* UNKNOWN HEIRS OF GIBSON.

[67 South. 209.]

QUIETING TITLE. *Parties. Improvements.*

Where plaintiff brought suit in accordance with the provisions of the statute for the adjudication of the question of plaintiff's right to have the title which he asserted in land quieted, and in his original bill, upon which the summons to the unknown heirs was based, the prayer was solely for this relief, and thereupon a part of the heirs under a common source of title, who were served by publication only, filed an answer alleging that they were co-owners, and thereupon plaintiff filed an amended bill claiming title by adverse possession and therein averred the making of improvements and prayed that in case the court found that the title was in all the heirs of the common source, it should allow plaintiff for improvements and taxes, less rent, profits, and the use of the land. In such case all necessary parties for the purpose of the adjudication of plaintiff's title having been brought in, the court was authorized to act relative thereto, but all of the heirs of the common source not having appeared, nor been personally served, were not before the court so as to authorize an adjudication of plaintiff's right to improvements and the court having determined that plaintiff was a co-owner only, properly dismissed the cause without prejudice to plaintiff's right to assert his claim for improvements, less rents, and profits and refused to continue the cause until all necessary parties were brought in.

APPEAL from the chancery court of George county. HON. J. M. STEVENS, Chancellor.

Suit by R. T. Terry against unknown heirs of John D. Gibson. Judgment for defendant and plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Geo. W. Ellis* and *Wells, May & Sanders*, for appellant.

*H. B. Everitt* and *Watkins & Watkins*, for appellees.

REED, J., delivered the opinion of the court.

Appellant filed his bill in chancery to quiet the title to forty acres of land, being a quarter of a quarter section situated in George county. The land was a part of a tract of eighty acres which was entered under the United States land laws by John D. Gibson in 1836. John D. Gibson occupied the land he so entered until his death in 1853. He died intestate, leaving as his heirs at law his widow and eight children. His widow continued to reside on the land, which was the homestead of the family, until her death in 1892. A son, David Gibson, resided with his mother and continued the occupancy of the land after her death. Appellant acquired the title which he claimed to the land by conveyances from David Gibson; the deeds to him being from grantees under conveyance from David Gibson.

In the original bill filed by appellant he alleged that the other heirs at law of John D. Gibson had made a parol gift to David Gibson of their undivided shares and interests in the land upon the consideration and agreement that he should remain on the place and support and care for his mother, and that he took possession of the land under such gift and continued to occupy, use, and improve it, claiming the same adversely to all others.

Certain of the heirs of John D. Gibson, who had been made parties to the suit under the citation published to unknown heirs, appeared and filed an answer to the bill, denying the material allegations thereof. Thereupon appellant filed an amended bill, in which he claimed title alone through the adverse possession and occupancy of the land by David Gibson. In his amended bill he averred that certain improvements had been made on the land, and prayed that, if the court should find that the title to the land was in all the heirs of John D. Gibson, and not in him alone, he should be allowed to recover for improvements and taxes, less reasonable rents and profits for the use of the land.

Upon the final hearing the court decreed that appellant owned an undivided interest in the tract of forty acres which he acquired through conveyances from David Gibson, and that such land was a part of the common estate owned by the heirs of John D. Gibson in common. The relief—that is, the quieting of title—. prayed for was denied, and appellant's bill of complaint dismissed.

The court, after stating in the final decree that some of the heirs of John D. Gibson, who had been brought into court by publication to nonresident heirs on the original bill, had not appeared and were not represented by counsel in the case, and that possession or partition of the land was not sought for in the present case, denied also the alternate relief prayed by appellant in his amended bill, for adjustment of the claim for improvements and taxes, less rents and profits, and dismissed the cause as to such claim without prejudice to the right of appellant to assert the same in another appropriate proceeding for recovery.

It is contended by appellant that when the chancellor found that certain parties were necessary for an adjudication of appellant's claim for improvements, and declined to proceed as to same, that then the chancellor should not have made an adjudication of the question of title, but should have deferred all action in the cause until all parties were brought in and were before the court. This is appellant's assignment of error in this appeal.

The suit was brought by appellant in accordance with the provisions of the statute for the adjudication of the question of appellant's right to have the title which he asserted in the land quieted. In the original bill, upon which the summons to the unknown heirs was based, the prayer was solely for this relief. All necessary parties for the purpose of the adjudication of appellant's title had been brought in, and the court was authorized to act relative thereto.

By the decision of the court appellant was not the owner of the whole title to the forty acres of land, but only held an undivided interest therein. This he owned in common with the heirs of John D. Gibson, except David Gibson, who had conveyed the tract. This forty-acre tract was a part of the whole tract originally the homestead of John D. Gibson and which descended to his heirs. In any settlement of appellant's claim for improvements and taxes which should be reduced by reasonable rents and profits of the land his cotenants should all be brought in as necessary parties to the proceeding. The court would not be in position to settle the rights of appellant and the other tenants in common in the ownership of the land until all were before the court as parties. We learn from the chancellor's decree that all of such parties were not in court. The chancellor was therefore correct in declining to consider and adjudge appellant's claim for improvements and the matter of general accounting between the parties relative thereto on the ground that all necessary parties were not before him, and he was right in dismissing appellant's claim without prejudice, and in reserving to appellant the right to assert the same in appropriate proceeding to be later instituted.

*Affirmed.*